UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSE ANTONIO NAVA,

               Plaintiff,

   v.

SERGEANT SWEENEY, *et al*.,

               Defendants.

Case No. C18-1734-RAJ-MAT

REPORT AND RECOMMENDATION

## INTRODUCTION AND SUMMARY CONCLUSION

This is a *pro se* civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff Jose Nava has been granted leave to proceed with this action *in forma pauperis*. Service has not been ordered. This Court, having reviewed plaintiff's complaint, and the balance of the record, concludes that plaintiff has not adequately stated a claim for relief in this action. This Court therefore recommends that plaintiff's complaint and this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## DISCUSSION

Plaintiff submitted his civil rights complaint to the Court for filing on November 30, 2018. (*See* Dkt. 1.) Plaintiff asserted in his complaint that Sergeant Sweeney, an employee at the Snohomish County Jail, improperly used excessive force against plaintiff when he tased plaintiff

REPORT AND RECOMMENDATION - 1

on October 21, 2018. (*See* Dkt. 5 at 3.) According to plaintiff, the tasing incident occurred after he was told he was being moved to another unit in the jail, and he refused to comply because of concerns regarding his safety in the other unit. (*Id.*) Plaintiff claimed that he repeatedly attempted to tell Sergeant Sweeney that there were "keep separates" in the other unit and that he feared for his life, but Sergeant Sweeney wouldn't listen and, when plaintiff refused directives to "cuff up," Sergeant Sweeney tased him. (*Id.*) Plaintiff faulted Sergeant Sweeney for resorting to the use of force rather than attempting to de-escalate the situation. (*See id.*) Plaintiff identified Sergeant Sweeney and the Snohomish County Jail as defendants in his complaint. (*Id.* at 1.) Plaintiff did not identify in his complaint what relief he was seeking in this action. (*See id.* at 3-4.)

After reviewing plaintiff's complaint, this Court determined that the pleading was deficient. Thus, on December 26, 2018, the Court issued an Order declining to serve plaintiff's complaint and granting him leave to amend. (Dkt. 6.) The Court advised plaintiff therein that, pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, a pleading must contain a demand for the relief sought in order to adequately state a claim for relief. (*Id.* at 2-3.) The Court explained that absent a demand for relief, this action could not move forward. (*Id.* at 3.) The Court also advised plaintiff that the Snohomish County Jail was not a proper defendant in this action. (*Id.* (citing *Nolan v. Snohomish County*, 59 Wn.App. 876, 883 (1990).) The Court went on to explain that plaintiff could pursue a claim against Snohomish County itself, but that in order to do so he would have to specifically identify the County as a defendant, he would have to identify the County "policy" or "custom" that caused him harm, and he would have to identify the federal constitutional right he believed had been violated by the identified "policy" or "custom." (Dkt. 6 at 3.)

Plaintiff was granted thirty days within which to file an amended complaint correcting the noted deficiencies, and was advised that his failure to do so would result in a recommendation that

REPORT AND RECOMMENDATION - 2

this action be dismissed. (*Id*.) To date plaintiff has filed no amended complaint.

When a complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, the Court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(e)(2)(B). Because plaintiff's original pleading did not include any demand for relief, and because plaintiff failed to file an amended pleading correcting this deficiency, plaintiff has not adequately stated a claim for relief. This action must therefore be dismissed.

## CONCLUSION

Based on the foregoing, this Court recommends that plaintiff's complaint and this action be dismissed, without prejudice, under § 1915(e)(2)(B)(ii). A proposed order accompanies this Report and Recommendation.

## OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect the right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **March 1, 2019**.

DATED this 1st day of February, 2019.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3